UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X



ADAM YEE,

                       Plaintiff,

    - against -

JP MORGAN CHASE & CO., ADAM HENLEY,
and NICOLE ST. PIERRE

                    Defendants.
-----------------------------------------------------X

**COMPLAINT**

Jury Trial Demanded

Plaintiff, ADAM YEE, by and through his attorneys, Leeds Morelli & Brown, P.C. ("LMB"), alleges, upon knowledge as to himself and his own actions and upon information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

1.     This is a civil action based upon the defendants' violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq.; the New York State Executive Law, Human Rights Law, § 290 et seq.; and the New York City Human Rights Law, N.Y.C. Admin. Code Title 8 et seq.; and any other cause of action that can be inferred from the facts set forth herein.

2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(3), 1343(4), 1367, and 2201, and § 290 et seq. of the Executive Law of the State of New York.  The supplemental jurisdiction of the Court (28 U.S.C. § 1367) is invoked over state and local law causes of action.

3.     Venue is proper pursuant to 28 U.S.C. § 1391.

1

4.      All conditions precedent to maintaining this action were fulfilled.  Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue, mailed on March 31, 2005 (a copy of the Right to Sue letter is annexed hereto and marked as Exhibit "A").  This action is filed within ninety (90) days of receipt.

## PARTIES

5.      Plaintiff, Adam Yee, at all times hereinafter mentioned, was and still is a resident of Monmouth County, New Jersey.

6.      Defendant, JP Morgan Chase & Co. ("JPMC") is a foreign corporation doing business in the State of New York, located at, among other places, 522 5th Avenue, New York, New York 10036.

7.      Defendant, Adam Henley, a JPMC Head Project Manager, aided, abetted, compelled and/or incited the unlawful treatment set forth below.  Upon information and belief, Adam Henley was and is responsible for the maintenance and operation of JPMC's Separately Managed Accounts Operations Department, including, but not limited to, the hiring, firing, promotion and discipline of employees and all other employment related issues.

8.      Defendant, Nicole St. Pierre, a JPMC Head Operations Manager, aided, abetted, compelled and/or incited the unlawful treatment set forth below.  Upon information and belief, Nicole St. Pierre was and is responsible for the maintenance and operation of JPMC's Separately Managed Accounts Operations Department, including, but not limited to, the hiring, firing, promotion and discipline of employees and all other employment related issues.

## BACKGROUND

9.      Plaintiff Adam Yee ("Yee") is an Asian-American male.

10.     Yee commenced employment with JPMC in or about May 2001, as an Operations Manager.  He was demoted to the position of Reconciliation Specialist in February 2002 and then promoted to the position of Project Manager in February 2003.  He maintained this position until his termination on or about April 5, 2004.

11.     Throughout his employment, Yee was subjected to discrimination and adverse employment actions on the basis of his National Origin, including but not limited to, wrongful disciplinary write-ups, unjustified demotions and, ultimately, wrongful termination.

12.     On or about July 20, 2004, Yee filed a Charge of Discrimination ("Charge") with the EEOC.

## SPECIFIC ALLEGATIONS

13.     In or about February 2002, Nicole St. Pierre ("St. Pierre") launched a campaign of discrimination against Yee.

14.     When he returned from a vacation, St. Pierre asked Yee why she had not received a status report from him.  While Yee explained that another employee was handling the report, St. Pierre gave Yee a disciplinary warning for "placing blame on another without concrete fact."

15.     Soon after this incident, St. Pierre demoted Yee from Operations Manager to the position of Reconciliation Specialist and hired Steve Semple ("Semple"), a White male, as the new Operations Manager in Yee's stead.  St. Pierre informed Yee that he would be reporting to Semple and he would determine if Yee could remain in his position within thirty (30) days.

Case 1:05-cv-06061-RCC   Document 1   Filed 06/29/05   Page 4 of 9

16.    Yee complained to Michelle Buccaria, a White female Human Resources representative, regarding the disciplinary action and demotion; however, no investigation was ever conducted.

17.    In or about July 2002, Ryan Cross ("Cross"), a White male, left the position of Project Manager.  Yee was delegated Cross's responsibilities; however his title remained the same.

18.    In or about August 2002, Michael Caggia ("Caggia"), a White male, was hired to replace Cross as Project Manager.  He was hired with the title of Vice-President and was given the corresponding pay rate.  Although Yee had already absorbed the responsibilities of this position, he was not given an increase in salary or change in title, nor the opportunity to officially apply for the position.

19.    In or about September 2002, Caggia was laterally moved to the position of Municipal Bond Trader.  Yee was again assigned the responsibilities of a Project Manager, in addition to the assignment of his position.  Again, Yee received no title change or wage adjustment.

20.    In or about November 2002, Darren Williams ("Williams"), a White male, was hired to the position of Project Manager.  Yee was again denied the opportunity to officially apply for the position, despite having already taken on the position's responsibilities.

21.    In or about February 2003, Williams was moved to the position of New Accounts Supervisor and Yee was finally officially promoted to the position of Project Manager.  However, unlike Caggia, Yee was not given the title of Vice-President.  In addition, as Project Manager, Yee's workload was significantly greater than those of similarly situated White Managers.

22.     In or about July 2003, Semple conducted his mid-year evaluation of Yee's performance.  Semple gave Yee a positive evaluation and informed him that he hoped to see Yee progress within JPMC.

23.     In or about December 2003, Semple was transferred out of the Separately Managed Accounts Department and Adam Henley ("Henley") became Yee's new supervising manager.

24.     During this time, Amy Handelman, a White female, was hired to the position of Operations Manager (Yee's original position with JPMC).  Yee was not given the opportunity to apply for this position.

25.     In or about February 2004, Henley and St. Pierre issued Yee a final warning, stating that if his performance did not improve within fourteen (14) months, he would be terminated from JPMC.

26.     The final warning was prompted by an incident relating to a project Yee had been newly assigned to.  The project had not been maintained properly and there were some Quality Assurance Issues.  While Yee had only recently inherited the project and the problem was a persistent one that had been overlooked by managers in the past, he was the only one who faced disciplinary action as a result.  In addition, no one took notice of the issue until it was assigned to Yee.

27.     Yee complained about the warning to Noreen Mormando ("Mormando"), a White female Human Resources Manager.  He attempted to follow up with her, to no avail, on two (2) occasions after their initial meeting.

28.     Following the incident, Claimant was micromanaged and scrutinized by Henley and on April 5, 2004, Henley assigned Claimant a very difficult report that Henley requested be

5

completed by 2:00 that afternoon. Upon completion of the project, Claimant was called into a

meeting with Henley and Mormando. During the meeting, Claimant was informed that his

employment was terminated, a mere two (2) months after receiving the final warning.

29.     The two (2) White employees who held the Project Manager position prior to

Yee, who had not performed satisfactorily, were transferred without any disciplinary action taken

against them. This custom was not extended to Yee.

30.     After his termination, Claimant was not offered a severance package. According

to Henley and St. Pierre, Yee was terminated "with cause" and thus did not qualify for

severance. However, upon information and belief, Kevin Miller, a White male who had

performance-related issues, was never terminated by the Company. Rather, management waited

to release him from his employment during a company-wide layoff, thereby enabling him to

qualify for a severance package.

**CAUSES OF ACTION AGAINST CORPORATE DEFENDANT**
(Title VII, 42 U.S.C. § 2000 et seq.)
(New York Executive Law, the Human Rights Law, § 290 et seq.)
(N.Y.C. Admin. Code Title 8 et seq.)

31.     Each allegation contained in paragraphs 1 through 30, inclusive, is hereby

repeated, re-alleged and incorporated by reference, as if fully set forth herein.

32.     Yee was demoted, denied promotion opportunities on three (3) occasions and

wrongfully disciplined and terminated on the basis of nationality in violation of Title VII, 42

U.S.C. § 2000 et seq., the New York State Executive Law, Human Rights Law, § 296 et seq.,

and the New York City Human Rights Law, N.Y.C. Administrative Code Title 8 et seq.

33.     As a result of Defendant's actions, Yee suffered, and continues to suffer, injuries

and damages.

## CAUSES OF ACTION AGAINST INDIVIDUAL DEFENDANTS
(New York Executive Law, the Human Rights Law, § 290 et seq.)
(N.Y.C. Admin. Code Title 8 et seq.)

34.     Each allegation contained in paragraphs 1 through 30, inclusive, is hereby repeated, re-alleged and incorporated by reference, as if fully set forth herein.

35.     Yee was demoted, denied promotion opportunities on three (3) occasions and wrongfully disciplined and terminated on the basis of nationality in violation of New York State Executive Law, Human Rights Law, § 290 et seq., and the New York City Human Rights Law, N.Y.C. Administrative Code Title 8 et seq.

36.     The individual Defendant, Adam Henley, aided, abetted, incited, compelled and/or coerced the aforementioned unlawful conduct in violation of New York State Executive Law, Human Rights Law, § 296(6), and the New York City Human Rights Law, § 8-107(a).

37.     The individual Defendant, Nicole St. Pierre, aided, abetted, incited, compelled and/or coerced the aforementioned unlawful conduct in violation of New York State Executive Law, Human Rights Law, § 296(6), and the New York City Human Rights Law, § 8-107(a).

38.     As a result of the individual Defendants' actions in violation of the New York State Executive Law, Human Rights Law, § 296(6) et seq., and the New York City Human Rights Law, § 8-107(a), Yee suffered, and continues to suffer, injuries and damages.

Exhibit A

EEOC Form 161 (10/96)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

| To: | From: |
|---|---|
| Adam Yee<br>355 Wedgewood Road<br>Morganville, NJ 07751 | EEOC - New York District Office<br>33 Whitehall Street, 5th Floor<br>New York, New York 10004 |

[  ]    *On behalf of person(s) aggrieved whose identity is*
        *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 160-2004-02786 | Spencer H. Lewis, Jr., Director | (212) 336-3620 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[  ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[  ]    Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[  ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[  ]    We cannot investigate your charge because it was not filed within the time limit required by law.

[  ]    Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[  ]    While reasonable efforts were made to locate you, we were not able to do so.

[  ]    You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ X ]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[  ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge..

[  ]    Other *(briefly state)* _____

## -- NOTICE OF SUIT RIGHTS --
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may pursue this matter further by bringing suit in federal or state court against the respondent(s) named in the charge. **If you decide to sue, you must sue WITHIN 90 DAYS** from your receipt of this Notice. Otherwise your right to sue based on the above-numbered charge will be lost.

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit **may not be collectible.** (If you file suit, please send a copy of your court complaint to this office.)

On behalf of the Commission

Enclosure(s)

Spencer H. Lewis, Jr., Director

MAR 3 1 2009

*(Date Mailed)*

cc:   Jennifer Leahy
      JP Morgan Chase & Co.
      270 Park Avenue
      Floor 45
      New York, New York 10017